**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 11:50 AM November 21, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARTIN L. MYERS, | ) | CASE NO. 11-61426 |
| | ) | |
| Debtor. | ) | ADV. NO. 13-6066 |
| | ) | |
| ANTHONY J. DEGIROLAMO, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| MARMAT INTERNATIONAL | ) | |
| LTD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

When Plaintiff filed his complaint, he included "John Does 1-10 (Names Unknown)," ("Doe Defendants") as defendants in the action, alleging they were either transferees of Marmat International Ltd. ("Marmat") assets or successors to Marmat. Defendant Martin L. Myers moves to now dismiss the Doe Defendants under Bankruptcy Rule 7004.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The court recently set forth the law that applies to Defendant's motion to dismiss in a

1

related adversary case, DeGirolamo v. Primary Colors Design Corp. (In re Myers), Case No. 11-61426, Adv. No. 13-6067 (Bankr. N.D. Ohio November 19, 2013). The same law applies to these facts.

Looking at the five considerations previously outlined, the court will use its discretion and allow Plaintiff additional time to name and serve the Doe Defendants. Plaintiff faces severe prejudice if the case is dismissed because the statute of limitations has expired. Although Plaintiff failed to prevent a lapse of the 120 day deadline in Rule 4(m), and has still not named the Doe Defendants, who may or may not know of this action, the prejudice to the other defendants in this case us nominal.

First, there is no proof of service for the foreign defendants. At a pretrial held on November 20, 2013, Plaintiff informed the court that its service agent indicated it may be January 2014 before service is complete, after which time Defendant has sixty days to answer per the summons issued by the court. Consequently, the Doe Defendants are not the only defendants who are not before the court. For this reason, the court had not set any deadlines, including discovery.

Although Plaintiff had two years leading into this action, as well as the time the action has been pending, to determine the names of the Doe Defendants, the deposition of Debtor's accountant and financial advisor, Scott Snow, was recently scheduled for December 3, 2012. Plaintiff recently obtained paper discovery following an in camera inspection concluded by the court in August 2013. Coupled with the severe prejudice dismissal would have on Plaintiff, the court finds an extension should be granted. The court will exercise its discretion to extend the time to identify and serve the Doe Defendants. Plaintiff shall have until **January 31, 2014** to name and serve the Doe Defendants. The motion to dismiss the Doe Defendants is **DENIED.**

It is so ordered.

# # #

**Service List:**

Chrysanthe E Vassiles
Gordon D Woolbert, II
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

Richard K Stovall
Allen Kuehnle Stovall & Neuman LLP
17 South High Street, Suite 1220
Columbus, OH 43215

Joseph C. Pickens
65 E. State St.
#1000
Columbus, OH 43215